UNITED STATES DISTRICT COURT
                              FOR THE
                      DISTRICT OF VERMONT

Citibank (South Dakota), N.A.,   :
     Plaintiff,                  :
                                 :
     v.                          :  File No. 2:08-CV-224
                                 :
C&S Wholesaler Grocers, Inc.,    :
     Defendant.                  :


             **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
                            (Paper 8)

Citibank (South Dakota), N.A. ("Citibank") filed suit against C&S Wholesale Grocers, Inc. ("C&S") on October 20, 2008 for breach of contract.  Citibank alleges that C&S is liable for a series of unpaid credit card charges incurred from June, 2007 through August, 2007, as well as for the attorneys' fees and court costs associated with the prosecution of the present litigation.  On November 17, 2008 C&S moved to dismiss Count II of the Complaint.  For the reasons stated below, I recommend that this motion be DENIED.

                          **Background**

For purposes of this motion to dismiss, the Court accepts as true all allegations set forth in the Complaint. In June of 2001, Citibank and C&S entered into a "Group Event System Agreement" (the "Agreement"), pursuant to which

Citibank issued to C&S an unspecified number of Diner's Club Event Cards ("Event Cards") for use by employees designated by C&S. (Paper 1 ¶¶ 6-8). Under Section 4 of the Agreement, C&S agreed to be liable for all charges incurred by its employees on Event Cards issued pursuant to the Agreement. Id. ¶ 10.

Citibank issued monthly statements to C&S which itemized the charges incurred by designated employees during each billing period. Id. ¶ 18. C&S disputed a series of charges on its June, July, and August, 2007 billing statements. To dispute these charges, C&S filled-out and submitted to Citibank a Dispute Resolution Worksheet for each billing statement. Upon receipt of each Worksheet, Citibank issued conditional credits for, and began its own investigation of, the disputed charges. Id. ¶¶ 36, 42, 47.

At various dates between August 20, 2007 and February, 2008, Citibank sent to C&S written letter responses to the Dispute Resolution Worksheets, explaining the results of its investigation into the disputed charges. Id. ¶ 48. Per the Worksheet's instructions, no further action was required by C&S if it was satisfied with Citibank's response. However, in order to further dispute certain charges, C&S was required to sign and return an affidavit section attached to

2

Citibank's letter response.  Id. ¶¶ 26-27.  C&S did not return a signed affidavit section to Citibank for all of the disputed charges, and now Citibank is seeking monetary damages caused by the outstanding and overdue charges in the amount of $638,263.70.  Id. ¶¶ 50, 55.  Additionally, in Count II of its Complaint, Citibank seeks to recover the attorneys' fees and court costs incurred in the effort to collect C&S's outstanding balance.  Id. ¶¶ 56-59.

Before the Court is C&S's motion to dismiss Count II of the Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); (Paper 8).

### **Standard of Review**

In reviewing a 12(b)(6) motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true, and draw all inferences in favor of the plaintiff.  Samaha v. Scott's Construction, Inc., 543 F. Supp. 2d 341, 343 (D. Vt. 2008); Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006).  To rule on such a motion, the Court looks only to the allegations in the complaint and any documents attached to or incorporated by reference in the complaint.  Huminski v. Rutland County, 148 F. Supp. 2d 373, 376-377 (D. Vt. 2001); ATSI

Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Green v. Maraio, 722 F.2d 1013, 1015-1016 (2d Cir. 1983). However, "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI, 493 F.3d at 98 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).

## **Discussion**

Citibank seeks to shift its attorneys' fees and court costs upon C&S pursuant to Section 6 of the Agreement, which reads, in relevant part, "Court costs plus reasonable attorneys' fees (as allowed by law) may be added to any delinquent balance referred to an attorney for collection." (Paper 1-2 § 6). Both parties agree that the interpretation of the Agreement, including this particular provision, is governed by South Dakota law. (Paper 11 at 2; Paper 8 at 3).

4

With regard to the allocation of attorneys' fees, South Dakota follows the "American Rule," which requires that each party to a lawsuit bear its own fees regardless of outcome. Public Entity Pool for Liability v. Score, 2003 SD 17, ¶ 7, 658 N.W.2d 64, 67-68; see also, EIU Group, Inc. v. Citibank Delaware, Inc., 429 F. Supp. 2d 367, 369-379 (D. Mass. 2006) (discussing generally the American Rule), rev'd in-part and remanded, 489 F.3d 405 (1st Cir. 2007). However, as C&S itself points out, South Dakota also permits an exception to this rule "when the parties enter into an agreement entitling the prevailing party to an award of attorney's fees." Toft v. Toft, 2006 SD 91, ¶ 17, 723 N.W.2d 546, 551.

Arguing that Section 6 of the Agreement satisfies this exception to the American Rule's general prohibition on fee-shifting, Citibank contends it is permitted by South Dakota law to make a claim for attorneys' fees against C&S. (Paper 11 at 3). Conversely, C&S argues that this exception is not applicable here because (1) Section 6 does not restrict recovery to the "prevailing party," and is thus over broad, and (2) because Section 6 says only that fees "may be" added to a delinquent balance, Citibank is not "entitled" to recover fees in this case. (Paper 8 at 3). C&S provides no

5

legal support for its strict interpretation of this American Rule exception, and both of its arguments fail.

First, C&S is parsing a particular formulation of this widely used exception that may be-and, indeed, has been-stated differently, without the key phrasing upon which C&S's arguments depend. Indeed, it is often stated that the exception requires nothing more than an enforceable contract between the parties which allocates the cost of fees. <u>See</u>, e.g., <u>Travelers Casualty and Surety Co. of America v. Pacific Gas and Electric Co.</u>, 549 U.S. 443, 448 (2007) (recognizing that the American Rule "can be overcome by an enforceable contract allocating attorney's fees.") (internal quotation omitted); <u>Public Entity Pool for Liability</u>, 2003 SD 17, ¶ 7, 658 N.W.2d at 67 ("Under the American Rule...parties to litigation are required to pay their own attorney's fees, absent an agreement...to the contrary."); <u>Assman v. J.I. Case Credit Corp.</u>, 411 N.W.2d 668, 671 (S.D. 1987) ("[P]arties may generally contract for payment of attorney's fees."); <u>NetJets Aviation, Inc. v. LHC Communications, LLC</u>, 537 F.3d 168, 175 (2d Cir. 2008) (recognizing that the American Rule generally bars fee recovery "unless an exception applies, such as the parties' contract providing for fee-shifting.") (internal quotation

omitted); S.D. Codified Laws § 15-17-38 (2008) ("The compensation of attorneys and counselors at law for services rendered in civil...actions...is left to the agreement, express or implied, of the parties.").

And C&S's only argument that Section 6 is unenforceable is that it is ambiguous, and thus must be construed against Citibank as drafter of the agreement form. (Paper 8 at 4). It is not. A contractual provision is ambiguous "only when it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." <u>All Star Construction Co., Inc. v. Koehn</u>, 2007 SD 111, ¶ 34, 741 N.W.2d 736, 744. Here, the Agreement plainly states that Citibank may seek reasonable attorneys' fees sustained in order to collect a delinquent balance, and no reasonable and objective interpretation of the provision could find otherwise.

C&S argues that the relevant portions of Section 6 are ambiguous because it is unclear whether Citibank or a Court "adds" attorneys' fees to a delinquent balance, and because it is unclear whether "referred to an attorney" encompasses "actual litigation or is limited to pre-litigation collection measures." (Paper 8 at 4). But even if these

7

are real ambiguities (which they are not), C&S offers no explanation as to what exactly construing these particular terms against Citibank would entail, or why doing so would completely preclude Citibank from making a claim for attorneys' fees.  See, e.g., All Star Construction, 2007 SD 11, ¶ 38, 741 N.W.2d at 744 (finding that, because of ambiguity, the term "actual costs" in a contract between a contractor and a homeowner could not include overhead costs, but was not rendered completely inoperative).

The Agreement entitles Citibank to seek fees from C&S, and none of the ambiguities alleged by C&S so much as challenge this basic premise, let alone show that C&S intended anything different in agreeing to include the fee-shifting provision in Section 6.  Accordingly, the Agreement is enforceable under South Dakota law and satisfies the American Rule exception allowing parties to contract for the allocation of fees.

Additionally, C&S's arguments are deficient even if we rely on the particular formulation of the American Rule exception promulgated in Toft, which ostensibly requires that a fee-shifting agreement "entitle" the "prevailing party" to recover fees.  Toft, 2006 SD 91, ¶ 17, 723 N.W.2d at 551.  First, C&S's concern over the provision's exclusion

of the term "prevailing party" can be interpreted to mean one of two things. C&S appears to argue that Section 6 is over broad because it does not restrict fee recovery to the "prevailing party," and would therefore permit Citibank to recover even if it is not ultimately entitled to the underlying deficient balance. (Paper 8 at 4). This argument fails for two reasons. First, the Agreement plainly states that attorneys' fees may be "*added* to any delinquent balance," and are thus sought in combination with, and not independent of, any outstanding and overdue charges. (emphasis added).

Second, to the extent that the American Rule exception requires that fee-shifting pursuant to party agreement be limited to the prevailing party, C&S offers no authority to suggest that the agreement *itself* must so designate. In other words, even if it is true that the contractual exception to the American Rule will not apply when asserted by a non-prevailing party, it is yet unknown whether Citibank is the prevailing party in this case, and dismissal under Rule 12(b)(6) is therefore inappropriate.

A more serious concern over the excluded "prevailing party" restriction is that the fee-shifting provision is only "one-way," that is, it provides potential recovery only

9

for Citibank and not for the "prevailing party," whichever party that might be.  Some states do in fact impose "reciprocal" attorneys' fees provisions which either prohibit fee-shifting altogether if the agreement provides only for creditor recovery, or imply a term providing for the recovery of a debtor's attorneys' fees where an agreement explicitly permits such recovery by the creditor. <u>See</u>, <u>e.g.</u>, Mont. Code Ann. § 28-3-704 (2007); N.H. Rev. Stat. Ann. § 361-C:2 (2008); Fla. Stat. § 57.105(7) (2003); <u>see</u> <u>also</u>, James Chareq & Anne Fortney, <u>An Argument for Retaining the Uniform Commercial Code</u>, 51 CONSUMER FIN. L.Q. REPORT 315, 320-321 (1997).  South Dakota, however, has no such statute, and has in fact enforced one-way fee-shifting provisions in other cases.[1]  <u>See</u>, <u>e.g.</u>, <u>Assman</u>, 411 N.W.2d at 671.

---

[1] South Dakota does have a statute, though not raised by either of the parties, which deems any "provision contained in any note, bond, mortgage, or other evidence of debt that provides for payment of attorneys' fees in case of default of payment" as against public policy and void.  S.D. Codified Laws § 15-17-39 (2008).  However, unlike the resulting signed receipt from an actual credit card transaction, credit card agreements themselves are not "evidence of debt" as contemplated by the statute.  <u>See</u> <u>Smith v. Palasades Collection, LLC</u>, 2007 WL 1039198, *6 (N.D. Ohio 2007) (Not Reported) ("The rights and obligations of the parties to the [credit card agreement], including the rights to assign a debt for collection, are governed by the terms of the agreement.  A negotiable instrument, such as a promissory note, however, is a writing signed by the maker, containing an unconditional promise to pay a sum certain in money, on demand or at a definite time, to the order of a particular person or entity or to the bearer.")

Absent some statutory provision dictating otherwise, commercial entities are free to form a one-way agreement pursuant to which only the creditor, and not the "prevailing party" generally, may be entitled to attorneys' fees if legal action is required to enforce the underlying contract. See, e.g., Precision Tune Auto Care, Inc. v. Radcliffe, 815 So. 2d 708, 710-711 (Fla. Dist. Ct. App. 2002) (finding "no Florida policy which would override the parties' ability to freely contract on the issue of attorneys fees" in a commercial transaction where the parties agreed to a one-way fee-shifting provision).

Finally, C&S argues that no exception to the American Rule is applicable because Section 6 of the Agreement provides only that attorneys' fees "may be added," rather than explicitly establishing an obligation for C&S to pay fees. (Paper 8 at 3). Here, C&S confuses the obligation to seek fees with the obligation to pay them when sought. Under Section 6, Citibank *is* entitled to attorneys' fees when they are incurred to recover a delinquent balance, but it is not obligated to seek them in every such case. See, e.g., Salcedo v. Toepp, 696 N.E.2d 426, 436 (Ind. Ct. App. 1998) (finding that the prevailing party was "entitled" to attorneys' fees based on agreement that such fees "may be

11

added" to any judgment arising out of the underlying contract). And it would seem odd indeed to hold that Citibank may not make a claim for attorneys' fees because of a provision that, if anything, is more favorable to C&S than the language C&S argues would be more appropriate.

In sum, C&S's over-technical arguments made without any legal support do not suffice to defeat an otherwise binding agreement into which it voluntarily entered. Section 6 of its Agreement with Citibank plainly provides that Citibank may make a claim for reasonable attorneys' fees, and Citibank has properly done so here in Count II of its Complaint. Further, under South Dakota law, the American Rule is inapplicable because the parties have contracted around it, a practice consistently endorsed by South Dakota courts. Credit Collection Services, Inc. v. Pesicka, 2005 SD 81, 721 N.W.2d 474, 477 n.1 ("[A]ny suggestion...that there is some sort of public policy violation to award attorney's fees based upon an agreement by the parties is contrary to at least a half century of this Court's legal precedent." ).

## **Conclusion**

For all of the reasons set forth above, I recommend that C&S's Rule 12(b)(6) motion to dismiss Count II of the Complaint for failure to state claim be DENIED.

Dated at Burlington, in the District of Vermont, this 3rd day of February, 2009.

        /s/ John M. Conroy
        John M. Conroy
        United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).